NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WANDA STEVENSON, | : | Civil Action No. 20-18722-EP-AME |
|  | : |  |
| Plaintiff, | : | **OPINION and ORDER** |
|  | : |  |
| v. | : |  |
|  | : |  |
| CITY OF NEWARK, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**ESPINOSA**, Magistrate Judge

On January 30, 2023, plaintiff Wanda Stevenson ("Plaintiff") filed a motion to compel discovery from defendants City of Newark, Phillip Scott, and Ras Baraka (collectively, "City of Newark") and for sanctions, pursuant to Federal Rule of Civil Procedure 37. [ECF 49] The motion was opposed. Thereafter, on March 29, 2023, the Court held oral argument, during which most of the outstanding discovery issues were resolved, as facilitated by the Court's colloquy with the parties and by their mutual agreement. An Order was entered on March 30, 2023 memorializing the Court's rulings concerning documents and information to be produced by the City of Newark. [ECF 58] However, the Court reserved decision on the portion of Plaintiff's motion seeking discovery sanctions pursuant to Rule 37(a). Having considered the papers filed in connection with the motion to compel, the arguments made during the March 29, 2023 proceedings, and subsequent progress related to discovery, the Court now addresses Plaintiff's request for an award of fees and costs.

Plaintiff's motion sought to enforce the City of Newark's compliance with the Court's November 4, 2022 Order requiring responses to various discovery requests served by Plaintiff. In

1

the motion, Plaintiff stated a partial production had been made by the City of Newark on January 27, 2023, but identified items that remained outstanding. Due to those deficiencies, and with leave of Court, Plaintiff filed a motion to compel production, which included a request for an order directing City of Newark to reimburse Plaintiff for the reasonable expenses she incurred in connection with bringing the motion.

Rule 37 provides that where a party's failure to provide discovery has necessitated a motion to compel and either the motion is granted or the discovery at issue is provided after the motion is filed, the non-compliant party and/or its attorney must be ordered to pay the fees and expenses incurred by the movant in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Rule also states that this payment must not be awarded if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court has broad discretion in deciding discovery issues, including requests for discovery-related sanctions. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to the sound discretion of Court); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006) (holding that a court has "broad discretion" in determining the "type and degree of sanctions it can impose"). Sanctions "must be just and related to the claims at issue." *Wachtel*, 239 F.R.D. at 84.

Here, the Court finds that an order requiring the City of Newark to pay Plaintiff the fees and costs associated with bringing her motion to compel is not warranted. Stated generously, although the City of Newark did not respond to Plaintiff's discovery requests with ideal efficiency and diligence, by a slim margin the Court concludes that its conduct has not been so deficient or egregious as to justify the imposition of sanctions under Rule 37. The City of Newark has, over the course of this litigation, provided discovery, albeit deficient, and engaged

in the meet-and-confer process with Plaintiff to address deficiencies. Regarding the materials at issue in the Court's November 4, 2022 Order, a partial production was served by the City of Newark before Plaintiff filed her motion to compel. Moreover, as the Court has confirmed in subsequent proceedings, progress continues to be made in completing fact discovery and moving this litigation forward so that the parties can begin taking depositions. *See* Status Ltr. dated June 2, 2023 [ECF 60]; Order dated June 7, 2023 [ECF 61]. Accordingly,

**IT IS** on this 3rd day of August 2023,

**ORDERED** that, insofar as Plaintiff's motion to compel [ECF 49] seeks an order directing City of Newark to pay her attorneys' fees and expenses pursuant to Rule 37, the motion is denied; and it is further

**ORDERED** that the Clerk shall terminate the motion at ECF 49.

      /s/ *André M. Espinosa*
    ANDRÉ M. ESPINOSA
    United States Magistrate Judge